IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MICHELE CAREY and JACOB WOODELL**                    **PLAINTIFF**

vs.                              No. 5:21-cv-5017-TLB

**SHINE SOLAR, LLC, CALEB GORDEN**                    **DEFENDANTS**
**and THOMAS LOWDEN**

<u>**ORIGINAL COMPLAINT**</u>

COME NOW Plaintiffs Michele Carey and Jacob Woodell (collectively "Plaintiffs"), by and through their attorneys Daniel Ford and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint against Shine Solar, LLC, Caleb Gorden and Thomas Lowden (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

**I.   JURISDICTION AND VENUE**

1.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs proper overtime compensation for all hours that Plaintiffs worked over forty each week.

2.     The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.     Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.     Defendant conducts business within the State of Arkansas, operating and managing a solar panel installation business in Benton County.

5.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6.     Plaintiffs were employed by Defendant within the Fayetteville Division of the Western District of Arkansas.

7.     The acts alleged in this Complaint had their principal effect within the Fayetteville Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

8.     Plaintiff Michele Carey ("Carey") is an individual and resident of Washington County.

9.     Plaintiff Jacob Woodell ("Woodell") is an individual and resident of Bradford County, Pennsylvania.

10.     Separate Defendant Shine Solar, LLC ("Shine Solar"), is a domestic limited liability company.

11.     Shine Solar's registered agent for service is Ronald A. Williams at 4201 W. New Hope Road, Suite 202, Rogers, Arkansas 72758.

12.     Separate Defendant Caleb Gorden ("Gorden") is an individual and resident of Arkansas.

13.     Separate Defendant Thomas Lowden ("Lowden") is an individual and resident of Arkansas.

### III.     FACTUAL ALLEGATIONS

14.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

15.     At all relevant times herein, Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

16.     Gorden is an owner, principal, officer and/or director of Shine Solar.

17.     Gorden took an active role in operating Shine Solar and in the management thereof.

18.     Gorden, in his role as an operating employer of Shine Solar, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19.     Gorden, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

20.     Lowden is an owner, principal, officer and/or director of Shine Solar.

21.     Lowden took an active role in operating Shine Solar and in the management thereof.

22.     Lowden, in his role as an operating employer of Shine Solar, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

23.     Lowden, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

24.     Gorden and Lowden jointly manage and control the day-to-day operations of Shine Solar, including but not limited to the decision to not pay Plaintiffs a sufficient premium for hours worked in excess of forty per week.

25.     Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

26.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

27.     During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four employees.

28.     Defendants were Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

29.     Carey was employed by Defendant as a salaried employee from February of 2017 until January of 2020.

30.     Woodell was employed by Defendant as a salaried employee from June of 2017 until January of 2020.

31.     At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

32.     At all times material herein, Plaintiffs have been classified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

33.     At all relevant times herein, Defendant directly hired Plaintiffs to work in its offices, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

34.     Carey's primary duties were acting as a permitting and metering liaison between Defendant's clients and electric companies.

35.     Woodell's primary duties were installing solar panels for Defendant's customers.

36.     Woodell primarily engaged in manual labor and was a classic blue collar worker.

37.     Plaintiffs did not have the authority to hire or fire any other employee.

38.     Plaintiffs were not asked to provide input as to which employees should be hired or fired.

39.     Plaintiffs did not exercise independent judgment as to matters of significance in carrying out their duties.

40.     Plaintiffs sought input from their supervisors in lieu of making significant decisions on their own.

41.     Plaintiffs regularly worked more than 40 hours per week.

42.     Carey estimates she worked around 44 hours per week.

43.     Woodell estimates he worked approximately 65 to 70 hours per week.

44.     Defendant failed to pay Plaintiffs an overtime premium for hours worked over forty in a week.

45.     At all relevant times herein, Defendants have deprived Plaintiffs of regular wages and overtime compensation for all of the hours worked over forty per week.

46.     Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.     FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

41.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

42.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

43.     At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

45.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

46.     At all times relevant times to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

47.     Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 each week.

48.     Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

49.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## V.    SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

50.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

51.    Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

52.    At all times relevant to this Complaint, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

53.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

54.    At all times relevant to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the AMWA.

55.    Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 each week.

56.    Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

57.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Michele Carey and Jacob Woodell respectfully pray as follows:

A.    That each Defendant be summoned to appear and answer this Complaint;

B.    That Defendants be required to account to Plaintiffs and the Court for all monies paid to Plaintiffs;

C.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D.    A declaratory judgment that Defendant's practices alleged herein violate the AMWA;

E.    Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

F.    Judgment for damages for all unpaid overtime wage compensation owed under the AMWA;

G.    Judgment for liquidated damages pursuant to the FLSA;

H.    Judgment for liquidated damages pursuant to the AMWA;

I.    An order directing Defendants to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action;

J.    For a reasonable attorney's fee, costs, and pre-judgment interest; and

K.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MICHELE CAREY and JACOB**
**WOODELL, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com